OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON.
This was an action of debt against the endorser of a bill single. The defendant pleaded nil debet, payment, prolongation of time to the maker by the endorsee, and thatthe plaintiff had acquired the writing obligatory by fraud. At the trial, on application of the plaintiff’s counsel, the court below struck out all the pleas of the defendant, except the plea of nil debit, By the provisions of our statute, revised code 118, sec. 61,-, whenever a defendant wishes to avail himself of any paymeut, he must plead it specially; and a plea of payment generally, is good, without any bill of items accompanying it; for it must be presumed to have been a payment in money, unless it is otherwise expressed in-the plea, or in the account filed, and although the other pleas set forth matter which might have been given in evidence under the general issue, and might be legally stricken out as an incumbrance of the record; yet, that the court erred in striking out the plea of payment. The defendant’s counsel called on the court to instruct the jury, what would be a legal demand of payment from the obligor, and a legal notice of his default to the defendant; and what time after said assignment would be by law allowed to said assignee, as reasonable for making such demand of the obligor, and giving notice of his default to the defendant, and what neglect or laches on the part of the assignee would amount in law to a discharge of the defendant as assignor, and what in law amounted to due diligence on a note assigned after it became 'due. These were all abstract points of law, and the hill of excep *391 tions does not show that there was any evidence applicable to the case, so as to authorize the defendant to call for such instructions. We think therefore that the court below properly refused to give the instructions.
The counsel for the defendant also, called on the court to charge the jury, that if they should be of opinion, that the said bond was assigned and delivered to Jordan Prim by the defendant, and that said bond was in Jordan Prim’s hands, or the hands of his agent, at the time of his death, and that the plaintiff did not get possession of the bond from Morse, till several months after said Jordan’s death; that then and in that case, the burden of proof would by law lay on the plaintiff, to shew that he was the bona fide holder and legal assignee of said bond, and that unless the plaintiff did prove this, he was not entitled to recover. The evidence of Henry Morse shews that the bond was endorsed to Jordan Prim; that Jordan Prim left the bond in his, Morse’s hands for collection, and that Jordan Prim left the country, and shortly after died, the bond still being in the hands of Morse the agent of said Jordan, and that the plaintiff, John Prim, came to the country several months after the death of Jordan Prim, and got possession of the said bond.
However, it might appear from the testimony of this witness that the plaintiff had got possession of the bond under suspicious circumstances, yet that was clearly the province of the jury, and the court would have been weighing the testimony to have given the instruction; we think therefore, from the manner in which this instruction was called for, the court properly refused it. But for the first error in striking out the plea of payment the judgment must be reversed, and a venire de novo awarded.